# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Violeta Perez-Pinon,                                    Case No. 23-cv-3891 (KMM/DJF)

       Plaintiff,

v.                                                              **ORDER**

Target Corporation, *a Minnesota Corporation*,

       Defendant.

This matter is before the Court on Defendant Target Corporation's ("Target") Motion to Modify Scheduling Order ("Motion") (ECF No. 43). Target asks the Court to extend expired pretrial schedule deadlines to allow Target to reopen expert discovery, file non-dispositive motions related to that discovery, and file a dispositive motion two months after the close of expert discovery. (*Id.*) Plaintiff Violeta Perez-Pinon opposes the Motion. (*See* ECF No. 45.) For the reasons stated below, the Court denies the Motion.

Rule 16 of the Federal Rules of Civil Procedure requires good cause for the Court to amend the pretrial schedule. *See* Fed. R. Civ. P. 16(b)(4). Target offers one basis for good cause: a substitution of counsel. (*See* ECF No. 44.) But "retaining new counsel does not alone constitute good cause to amend the Court's pretrial scheduling order." *Hightshoe v. Sunne*, No. 17-CV-3360 (MJD/LIB), 2018 WL 11451290, at *4 (D. Minn. Dec. 21, 2018); *see also Cheng v. Via Quadronno LLC*, No. 20-CV-8903 (LJL), 2022 WL 1210839, at *4 (S.D.N.Y. April 25, 2022) ("As a general matter, substitution of counsel does not constitute 'good cause'; a party cannot restart the litigation clock by firing one counsel and hiring another."). To allow Target to keep extending expired deadlines because it has decided to substitute counsel at the eleventh hour would invite unwarranted gamesmanship. Moreover, Target's current counsel had the wherewithal to request a specific

modification of the pretrial schedule over two weeks ago.  (*See* ECF No. 37.)  He does not offer an adequate explanation for why he did not request a broader modification of the schedule before the dispositive motion deadline passed.  Neither Target nor its counsel have shown the diligence required to meet Rule 16's good cause requirement.  The Court therefore denies the Motion.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that Defendant Target Corporation's Motion to Modify Scheduling Order (ECF No. 43) is **DENIED**.

Dated:  July 3, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge